IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Respondent, | No. CR S-04-0454 MCE GGH P |
| vs. | |
| ARTHUR ALVARADO-SOTOMAYOR, | |
| Movant. | <u>FINDINGS & RECOMMENDATIONS</u> |

*Introduction and Summary*

Movant, Arturo Alvarado-Sotomayor (Alvarado) seeks to have vacated his conviction for conspiracy to distribute methamphetamine, and two other counts of possession of methamphetamine with intent to distribute. None of the claimed defects warrant relief either because of procedural default and/or the lack of merit. The motion should be denied.

*Procedural History*

Alvarado was indicted along with a co-conspirator, on December 2, 2004. The Indictment alleged: in Count 1, a conspiracy to distribute methamphetamine; in Count 3, possession of methamphetamine with intent to distribute (1,227 grams); in Count 5 (on the same day as Count 3) possession of methamphetamine with intent to distribute (4.5 grams). Eventually, on February 28, 2008, Alvarado pled guilty to these counts. Sentencing occurred on

May 30, 2006; Alvarado received concurrent sentences of 151 months on each count as well as 60 months supervised release (concurrent) for each count.  Docket #55.  The Honorable Morrison England refused to find super-acceptance of responsibility, or that the "safety valve" applied.[1]

An appeal was taken on two issues: (1) that the trial court erred in not specifying the reasons for safety valve denial; (2) that a remand was required to permit Alvarado to debrief with the government so that he could meet the safety valve requirement.  The Ninth Circuit affirmed the trial court finding that the record itself demonstrated that the safety valve was not justified, and that Alvarado demonstrated no reason why he had not debriefed at an appropriate time while the case was pending.

*Issues*

Alvarado lists three "grounds" for vacating his conviction.  The first ground contains 8 claimed defects:

1. Ineffective assistance of counsel, unspecified, except that "cousel (sic) was not able to tell that the Indictment was Bad";

2. Counsel pleaded Alvarado guilty to "two counts of the same offense";

3. Counsel permitted Alvarado to plead to nonexistent criminal offenses;

4. Alvarado's plea was not knowing, voluntary, and intelligent (reasons unspecified);

5. Neither Congress nor the courts had the power to modify the meaning of the Fifth Amendment to allow a defendant to testify against himself;

6. Same as (5) except that the Sixth Amendment is involved and the purported change is to the right to trial by jury;

7. A charge of conspiracy shifts the burden of proof to defendant;

---

[1] The "safety valve" for drug offenses permits, under specified conditions, a defendant's sentence to be calculated under the Guidelines without regard to mandatory minimums which would otherwise be applicable.  18 U.S.C. § 3553(f).  The Guidelines themselves further allow a two level reduction in a safety valve situation, again when specified conditions are met.  See United States v. Nobari, 574 F.3d 1065, 1083 (9th Cir. 2009).

8. Congress was without the authority to enact the 1970 federal narcotics law.

The second "ground" repeats an issue already decided by the Ninth Circuit adversely to Alvarado – the district court failed to provide specific reasons for not permitting application of the "safety valve."

The third ground likewise repeats an issue decided on appeal adversely to Alvarado – a remand should be ordered to allow Alvarado to debrief for purposes of safety valve application.

*Discussion* – Ground I

A. <u>Issues 5, 6, 7 and 8 Are Barred by the Doctrine Which Will Not Permit a § 2255 Motion to Adjudicate Issues Which should Have Been Raised on Direct Appeal</u>

A § 2255 motion may not raise issues which should have been raised on direct appeal. In reviewing a <u>Bailey</u> use of a firearm issue, the Ninth Circuit succinctly stated the general rule:

> Ordinarily a Section 2255 petitioner so raising a *Bailey* argument would be in procedural default. *Bousley*, 523 U.S. at 621, 118 S.Ct. 1604 (finding default where petitioner challenging his guilty plea did not raise Bailey claim in direct appeal); *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1588, 71 L.Ed.2d 816 (1982) (noting that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal); *Benboe*, 157 F.3d at 1184 (applying *Bousley* and finding default where petitioner challenging his guilty plea did not raise Bailey claim in direct appeal). To overcome such default, Appellant would have to show either (1) "cause" and actual "prejudice" to explain the default, or (2) that he was "actually innocent" of, inter alia, the crime for which he was indicted. *Bousley*, 523 U.S. at 622, 118 S.Ct. 1604; see also *Benboe,* 157 F.3d at 1184 (applying Bousley ).

<u>United States v. Guess</u>, 203 F.3d 1143, 1145 (9th Cir. 2000).

Alvarado's issues about modification of the Fifth Amendment (Claim 5), the Sixth Amendment (Claim 6), shifting the burden of proof (Claim 7), and general invalidity of controlled substances law (Claim 8), to the extent that the undersigned understands them, should have been raised on direct appeal, but were not. Alvarado was placed on notice by the government's answer that the <u>Bousley/Frady</u> doctrine was at issue, but he did not attempt to

avoid it in his reply. These claims should be dismissed.[2]

### B. The Guilty Plea Issue (Claim 4) Does Not State A Cognizable Claim

"Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir.1994); Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982) (§ 2255 motion) (requiring factually specific allegations). This is so especially in situations where a movant is attempting to attack his plea and the plea colloquy demonstrates knowledge, voluntariness and intelligence. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621 (1977). Blackledge indicates that "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74, 97 S.Ct. 1621.

In Claim 4, Alvarado does nothing more than conclude his plea was not knowing, voluntary or intelligent.[3] The claim, in direct contrast to the plea colloquy, see RT (February 28, 2006) 4-13, must be summarily dismissed.

### C. Ineffective Assistance of Counsel (Pleading to "Two Counts of the Same Offense")

In Claim 1, Alvarado simply states that his counsel was ineffective for permitting him to plead to a "bad" indictment. Claim 2 follows up with the assertion that counsel permitted Alvarado to plead to "two counts of the same offense." In the absence of any other argument, the undersigned believes that the second claim encompasses what was "bad" in the first claim. They will be treated together.

\\\\\

---

[2] Moreover, the claims are subject to summary dismissal. By virtue of their headings, the issues bespeak their frivolousness. While Alvarado expounds at length in his arguments on his view of Constitutional law historical underpinnings, the arguments do not relate to any cognizable issue.

[3] "Defendant [Alvarado] did not understand the plea agreement and asked his Attorney (sic) to explain the presented plea agreement with any positive results." Motion at 9. This is the entirety of the presentation of this claim.

The government believes that Alvarado was referencing the fact that the indictment contained a conspiracy charge and two separate possession with intent to distribute charges, and that, according to the argument, one could not be found guilty of both, i.e., double jeopardy is violated by a plea to both. The Motion, however, attacks the prosecutor's "[division of] a single conspiracy charge into two." In either event, the claim fails because the legal or factual premise is faulty, and hence, trial counsel was not acting unreasonably in failing to recognize this, nor was Alvarado prejudiced by counsel's actions.

First, the indictment contained only one conspiracy charge – there was no division. Alvarado is factually in error if he really meant to argue the claim the way it is stated.

If the government's interpretation is correct, Alvarado is still wrong. "But long antedating any of these cases, and not questioned in any of them, is the rule that a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes." United States v. Felix, 503 U.S. 378, 389, 112 S.Ct. 1377, 1384 (1992). See also United States v. Wylie, 625 F.2d 1371, 1381 (9th Cir. 1980).

Finally, if what Alvarado is really complaining about is the fact that the two possession with intent to distribute charges took place on the same day (November 9), the claim still lacks merit. Albeit on the same day, the two possession charges took place at different times, and certainly at different places. The first possession charge was occasioned by the drug bust itself (at the Rite-Aid store); the second followed when a later search of Alvarado's residence revealed additional methamphetamine. The undersigned knows of no case law which suggests that different methamphetamine seizures from the same defendant at different times and at different places cannot be separately charged. See e.g., United States v. Overton, 573 F.3d 679, 697-98 (9th Cir. 2009) (possession of child pornography in three different electronic media, i.e., locations, can be separately charged). Or conversely, the undersigned knows of no law which suggests that when a defendant is caught in a buy-bust with controlled substances for distribution, his entire storage of controlled substances wherever the location(s) may be, is

considered to be constructively with the defendant at his arrest in the buy-bust.

D. <u>Ineffective Assistance of Counsel – Pleading Guilty to Statutory Offenses Which Are Not Criminal Offenses (Claim 3)</u>

The statutory offenses to which Alvarado pled guilty are all too real as criminal offenses, as Alvarado must have experienced by now. The undersigned is unsure of what Alvarado is contesting here. Perhaps, it is that Alvarado is focusing only on the penalty sections of 21 U.S.C. § 841 when he concludes:

> There is no Federal substantive offense of violating a sentencing provision. How does a person violate a penalty? What criminal act occurred? How does a person conspire to commit a punishment?

Motion at 8.

Section 841 consists of two sections pertinent to Alvarado's convictions. Subsection (b) discusses penalties; subsection (a) defines what is unlawful and which may subject someone to the penalties in subsection (b). The indictment charges Alvarado with *subsection (a)* offenses as well as a conspiracy to engage in those unlawful acts. He is not charged with violating subsection (b). This claim has no merit.

*Discussion – Grounds II and III*

As noted in the Issues section, plaintiff repeats herein the issues he raised before the Ninth Circuit on direct review. Whether the district judge gave specific reasons for not applying the safety valve, or the record supplied those reasons in any event, and whether Alvarado was entitled to a debriefing mandate, were claims decided adversely to Alvarado. The law of the case governs and there is no exception applicable here (manifest injustice, change in law) which would warrant departing from that holding. Grounds II and III are meritless. <u>See</u> <u>United States v. Hayes</u>, 231 F.3d 1132, 1139 (9th Cir. 2000) citing <u>United States v. Redd</u>, 759 F.2d 699, 701 (9th Cir. 1985); <u>United States v. Polizzi</u>, 550 F.2d 1133, 1135 (9th Cir. 1976).

\\\\\

\\\\\

*Conclusion*

Alvarado's § 2255 motion to vacate his conviction and sentence (Docket #s 83, 84) should be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/02/10

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

soto454.f&r